UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEAN OSMON,<br>　　　　　Petitioner,<br><br>　　v.<br><br>JOSEPH McDONOUGH, et al.<br>　　　　　Respondents. | )<br>)<br>)<br>) C.A. No. 05-10771-PBS<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

For the reasons stated below, the petitioner is directed to demonstrate good cause why this action should not be dismissed.

## BACKGROUND

On April 15, 2005, petitioner Jean Osmon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 naming as respondents the Plymouth County Sheriff Joseph McDonough and the Bureau of Immigration and Customs Enforcement regional director Steve Farquharson.  Osmon alleges he is an immigration detainee who has been held at the Plymouth County Correctional Facility since January 14, 2005.  Although petitioner seeks voluntary departure and to proceed in forma pauperis, the petition provides minimal facts and fails to state the basis for his current detention.

## ANALYSIS

I. Petitioner Has Not Paid the Filing Fee or Sought a Waiver of It

A party filing a petition for a writ of habeas corpus in this Court must either (1) pay the $5 filing fee for habeas actions or (2) file an application to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings in forma

pauperis). For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee. Because Petitioner has not submitted the $5 filing fee or an application to proceed without prepayment of the filing fee, he will be granted additional time to do so.

II. The Court May Screen The Petition

Although Petitioner brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001).

Under Rule 4(b), the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994)

III. The Petition Does Not State A Basis for Subject-Matter Jurisdiction

Federal courts are always under an independent obligation to examine their own jurisdiction, and must not entertain a habeas petition over which it has no jurisdiction. See Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (citing Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000)).

To the extent petitioner seeks to have this Court directly review an order of removal, exclusive jurisdiction to directly review orders of removal is restricted to the circuit courts of appeals.  8 U.S.C. § 1252(b)(9) (judicial review of all questions of law and fact arising from removal proceedings shall be available only in judicial review of a final order under this section); Sousa v. Reno, 135 F. Supp. 2d 75, 78 (D. Mass. 2001) ("zipper clause" of § 1252(b)(9) channels review of removal proceedings exclusively in the court of appeals); 8 U.S.C. § 1252(a)(3)(b)(1) (alien seeking judicial review of a removal order must file a petition for review in court of appeals within 30 days of the date of the order).  District courts retain habeas jurisdiction only to consider an alien's statutory and constitutional claims concerning removal.  INS v. St. Cyr, 533 U.S. 289, 312-313 (2001).

To the extent petitioner may be seeking to assert a due process claim concerning the length of his detention, such a claim appears premature because it appears that petitioner has been detained for less than six-months.  Zadvydas v. Davis, 533 U.S. 678 (2001) (an admissible alien can be held only for a "reasonable period," which is presumed to be six months, unless the government can show that there is a "significant likelihood of removal in the reasonably foreseeable future."); Clark v. Martinez, Nos. 03-878, 03-7434, 2005 WL 50099, 125 S. Ct. 716 (2005) (the Supreme Court held the holding in Zadyvas applies to inadmissible aliens).

Here, the petition fails to state the basis for his current detention and the grounds for habeas relief.  The petition's limited allegations fail to provide the Court with habeas jurisdiction.

3

CONCLUSION

ACCORDINGLY, petitioner is directed to (1) pay the filing fee or submit an application for waiver of the filing fee within 35 days of the date of this Memorandum and Order, and (2) demonstrate good cause, within 35 days of the date of this Memorandum and Order why this action should not dismissed. The Clerk shall send petitioner an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this 19th day of April, 2005.

    /s/ George A. O'Toole, Jr.
    UNITED STATES DISTRICT JUDGE